# EXHIBIT "A"

21STCV04234
Electronically FILED by Superior Court of California, County of Los Angeles on 02/08/2021 06:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez, Deputy Clerk
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Kevin Brazile

Emanuel Thomas, State Bar No. 319906
**THE THOMAS FIRM**
4017 Long Beach Boulevard
Long Beach, California 90807
Telephone:   (562) 349-0700
E-Mail:      thethomasfirm1@gmail.com

Attorney for Plaintiff
DALVIN PRICE

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DALVIN PRICE, | Case No.: 21STCV04234 |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR:** |
| vs. | 1) **ASSAULT AND BATTERY;** |
| COUNTY OF LOS ANGELES, a Municipal Corporation; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a Governmental Entity; CITY OF COMPTON, a Municipal Corporation; LOS ANGELES COUNTY DEPUTY SHERIFF DAVID NAVARETTE, an individual and a Government Employee; LOS ANGELES COUNTY DEPUTY SHERIFF EDGAR CUEVAS, an individual and a Government Employee; LOS ANGELES COUNTY DEPUTY SHERIFF EDWIN BARAJAS, an individual and a Government Employee; and DOES 1 through 50, inclusive, | 2) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** 3) **NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION OF EMPLOYEES;** 4) **NEGLIGENCE;** 5) **FALSE IMPRISONMENT;** 6) **VIOLATION OF CIVIL RIGHTS [Bane Act - *Civil Code* §§52.1, *et seq.*];** 7) **VIOLATION OF CIVIL RIGHTS [42 U.S.C. 1983;** 8) **VIOLATION OF FREEDOM FROM UNREASONABLE AND EXCESSIVE FORCE;** 9) **FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATIONS;** 10) **CONSPIRACY TO VIOLATE PLAINTIFF'S FOURTH AND** |

4
Exhibit A

Defendants.

FOURTEENTH AMENDMENT RIGHTS;
11) MUNICIPAL LIABILTY FOR
VIOLATIONS OF CONSTITUTIONAL
RIGHTS

[DEMAND FOR JURY TRIAL]

COMES NOW, Plaintiff DALVIN PRICE (hereinafter "Plaintiff DALVIN"), and alleges against Defendants, and each of them, as follows:

## PARTIES

1.    Plaintiff DALVIN is, and at all relevant times herein was, an individual residing in the County of Los Angeles, State of California.

2.    Plaintiff is informed and believes and based upon such information and belief alleges that Defendant COUNTY OF LOS ANGELES (hereinafter referred to as "Defendant COUNTY") is and at all relevant times herein was, a chartered municipal corporation or political subdivision of the United States, organized and existing under the laws of the State of California.

3.    Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (hereinafter referred to as "Defendant SHERIFF") was and is a governmental entity existing as a political subdivision of the COUNTY OF LOS ANGELES, a chartered municipal corporation or political subdivision of the United States, organized and existing under the laws of the State of California.

4.    Plaintiff is informed and believes and based upon such information and belief alleges that Defendant CITY OF COMPTON (hereinafter referred to as "Defendant COMPTON") is and at all relevant times herein was, a municipal corporation or political subdivision of the United States, organized and existing

-----------------------------------------------------------------------
COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al.* – LASC Case No. _____

5

Exhibit A

under the laws of the State of California. Plaintiff is further informed and believes, and based upon such information and belief alleges that Defendant CITY OF COMPTON has an annual $22 million contract with Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT to provide law enforcement services within the CITY OF COMPTON.

   5.     Plaintiff is informed and believes, and based upon such information and belief alleges that Defendant LOS ANGELES COUNTY DEPUTY SHERIFF DAVID NAVARETTE, Employee #526389 (hereinafter referred to as "Defendant NAVARETTE"), is and at all relevant times mentioned herein was, a resident of the County of Los Angeles, State of California. At all relevant times to the acts and omissions herein alleged, Defendant NAVARETTE was a Deputy Sheriff, and was acting in the course and scope of his employment with Defendant COUNTY and Defendant SHERIFF. Defendant NAVARETTE is sued in his official and individual capacity.

   6.     Plaintiff is informed and believes, and based upon such information and belief, alleges that Defendant LOS ANGELES COUNTY DEPUTY SHERIFF EDGAR CUEVAS, Employee #501382 (hereinafter referred to as "Defendant CUEVAS"), is and at all relevant times mentioned herein was, a resident of the County of Los Angeles, State of California. At all relevant times to the acts and omissions herein alleged, Defendant CUEVAS was a Deputy Sheriff, and was acting in the course and scope of his employment with Defendant COUNTY and Defendant SHERIFF. Defendant CUEVAS is sued in his official and individual capacity.

   7.     Plaintiff is informed and believes, and based upon such information and belief, alleges that Defendant LOS ANGELES COUNTY DEPUTY SHERIFF EDWIN BARAJAS, Employee #537558 (hereinafter referred to as "Defendant BARAJAS"), is and at all relevant times mentioned herein was, a resident of the County of Los Angeles, State of California. At all relevant times to the acts and

COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al.* – LASC Case No. _____

6

Exhibit A

omissions herein alleged, Defendant BARAJAS was a Deputy Sheriff, and was acting in the course and scope of his employment with Defendant COUNTY and Defendant SHERIFF.  Defendant BARAJAS is sued in his official and individual capacity.

8.      Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 50 inclusive, and as such Plaintiff sues them by these fictitious names. Plaintiff is informed and believe that each of the DOE Defendants resides in the State of California and are in some manner responsible for the conduct alleged herein.  Upon discovering the true names and capacities of these fictitiously named Defendants, Plaintiff will amend this Complaint to show the true names and capacities of these fictitiously named Defendants.

9.      At all times relevant to the acts and omissions herein alleged, some of the DOE Defendants were sheriff's deputies or police officers (names and badge numbers presently unknown), and were acting in the course and scope of their employment with Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and/or CITY OF COMPTON.

10.      Unless otherwise alleged in this complaint, Plaintiff is informed, and on the basis of that information and belief, alleges that at all times herein mentioned, each of the co-Defendants, whether named or sued fictitiously as a DOE Defendant (hereinafter "Defendants"), in doing the things hereinafter alleged, were acting within the course, scope and under the authority of their agency, employment, or representative capacity, with the consent of her/his/its co-defendants.  Plaintiff is informed and believes and thereon alleges that the DOE Defendants are and at all times relevant times mentioned herein were, residents of the County of Los Angeles, State of California.

11.      Plaintiff DALVIN is unaware of which of the named individual Defendants, or DOE Defendants, committed the specific acts complained of below.

---

COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al.* – LASC Case No. _____      7

Exhibit A

As such, hereinafter the perpetrators of these acts will be collectively referred to as the "Defendants DEPUTIES," both in their individual and personal capacities, as well as their official capacities.

## JURISDICTION AND VENUE

12.    This Court has personal jurisdiction over the Defendants because they are residents of and/or doing business in the State of California.

13.    The jurisdiction of the federal courts over cases arising under the Constitution and federal law is invoked under 28 U.S.C. §§1331 and 1343(a)(3) and (4).  The supplemental jurisdiction of the federal court over pendent state claims is invoked under 28 U.S.C. §1367.  The Superior Court of this state has original and concurrent jurisdiction over all claims asserted herein.

14.    This action is also brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

15.    Plaintiff's tort claims are properly filed and venued pursuant to *Civil Code of Procedure* §395, because the conduct that gave rise to the liability at issue occurred in Los Angeles County, California.

## GOVERNMENT CLAIM REQUIREMENTS MET

16.    On or about August 22, 2020, Plaintiff lodged his Government Claim on the COUNTY OF LOS ANGELES, with the Office of the County Counsel located at 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012, in substantial compliance with *California Government Code* §§910, *et seq.*, alleging that Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, DAVID NAVARETTE, EDGAR CUEVAS and EDWIN BARAJAS, and specific then unknown officers, deputies and employees were negligent by unnecessarily beating Plaintiff, with one Deputy having his knee on Plaintiff's neck while punching him, and another Deputy having his body on

8

Exhibit A

Plaintiff's legs, with a third Deputy running up and kneeing Plaintiff repeatedly in his ribs, failing to follow standard practices and procedures and failing to fully investigate, resulting in excessive force, causing injuries to Plaintiff's body, including, but not limited to, fractured ribs, cuts bruises, and emotional and mental distress. The COUNTY OF LOS ANGELES denied the claim by letter dated October 20, 2020.

17.     On or about August 22, 2020, Plaintiff lodged his Government Claim on the CITY OF COMPTON, with the Compton City Controller located at 205 South Willowbrook Avenue, Compton, California 90220, in substantial compliance with *California Government Code* §§910, *et seq.*, alleging that Defendant CITY OF COMPTON contracts with Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, DAVID NAVARETTE, EDGAR CUEVAS and EDWIN BARAJAS, and specific then unknown officers, to provide law enforcement services to Defendant CITY OF COMPTON, and that the patrolling and policing deputies and employees were negligent by unnecessarily beating Plaintiff, with one Deputy having his knee on Plaintiff's neck while punching him, and another Deputy having his body on Plaintiff's legs, with a third Deputy running up and kneeing Plaintiff repeatedly in his ribs, failing to follow standard practices and procedures and failing to fully investigate, resulting in excessive force, causing injuries to Plaintiff's body, including, but not limited to, fractured ribs, cuts bruises, and emotional and mental distress. The CITY OF COMPTON denied the claim by letter dated October 20, 2020.

## FACTS COMMON TO ALL COUNTS

18.     On May 31, 2020, at the height of the protests occurring around the world following the death of George Floyd, Plaintiff DALVIN spent the evening at a friend's house. Just before midnight, Plaintiff DALVIN left his friend's home and began to drive home to his grandmother's house.

Page 6 of 38
-------------------------------------------------------------------
COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al.* – LASC Case No. _____

9

Exhibit A

19.     At approximately midnight on May 31, 2020, Plaintiff DALVIN, while traveling eastbound on Rosecrans Avenue to his grandmother's home, plaintiff DALVIN saw many protesters and police officers in their cruisers along his route. Just before reaching the intersection of Rosecrans Avenue and Santa Fe Avenue, Plaintiff DALVIN heard police sirens behind him and saw flashing red lights.

20.     Given the political and volatile climate with racial tensions between the black community and the police, as the police cars moved quickly up behind him, Plaintiff DALVIN, a black man, panicked.  This panic caused him to run his car up onto the meridian on Rosecrans Avenue just before its intersection with Santa Fe Avenue.

21.     Knowing he had done nothing wrong, but petrified of the police moving up on him, Plaintiff DALVIN ran into a parking lot and behind a block wall dumpster enclosure, with several Defendants DEPUTIES chasing him.

22.     Just as Plaintiff DALVIN reached the back of the block wall dumpster enclosure, one of the Defendants DEPUTIES ran up behind Plaintiff DALVIN and instructed him to put up his hands and get on the ground.  Plaintiff DALVIN complied with the Defendant DEPUTY's instructions, initially putting his hands up in the air then lying on his stomach on the asphalt, with his hands behind his back.

23.     While Plaintiff DALVIN lay face down on the ground with his hands behind his back, one of the Defendants DEPUTIES places his knee on the back of Plaintiff DALVIN's neck, motions to another Defendant DEPUTY who runs over and places his knee on Plaintiff DALVIN's back, pushing Plaintiff DALVIN up against the concrete enclosure.  The first Defendant DEPUTY then suspiciously looks around to see if anyone is watching.  At this point the two Defendants DEPUTIES proceed to kick and punch Plaintiff DALVIN in his head and side as he lay pinned to the asphalt, with the first Defendant DEPUTY keeping one knee on Plaintiff DALVIN's neck and placing his other knee on his head.  As they are beating Plaintiff DALVIN, they continually tell him "on the ground," with Plaintiff DALVIN

----------------------------------------------------------------------
COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al.* – LASC Case No. _____

10

Exhibit A

responding, "I'm on the ground," and "I'm not resisting." Moments later, a third Defendant DEPUTY and continually slams his knee into Plaintiff DALVIN's side.

24.     As the three Defendants DEPUTIES were severely punching, kneeing and kicking Plaintiff DALVIN, a witness who was positioned above the scene and had been videotaping all of the actions of these Defendants DEPUTIES, yelled, "Why y'all beating him?"   Without looking up, the Defendants DEPUTIES immediately stop beating Plaintiff DALVIN and one of the Defendants DEPUTIES slowly takes his handcuffs out of his belt and proceeds to place the handcuffs on Plaintiff DALVIN while another Defendant DEPUTY continues to hold Plaintiff DALVIN's head down with his knee.

25.     All of these actions were videotaped on this witness's cell phone, which show that Plaintiff DALVIN complied with all of the Defendants DEPUTIES' demands, and at no time did Plaintiff DALVIN resist the Defendants DEPUTIES.

26.     Defendants DEPUTIES then placed handcuffed Plaintiff DALVIN in the back of a patrol car for five hours, before booking and releasing him. Upon his release, Plaintiff DALVIN finally received medical care, and was found to have suffered fractured ribs, bruising and swelling to his head, eye and face, and multiple bruising to his back, neck and leg.

27.     Plaintiff DALVIN has not been charged for any crime for which the Defendants DEPUTIES chased, beat and retained him.

28.     Both prior to and during the time in which Plaintiff DALVIN was beaten and detained, Plaintiff DALVIN posed no reasonable threat of violence to any of the Defendants DEPUTIES nor any other individual. Both prior to and during the time in which Plaintiff DALVIN was beaten and detained, Plaintiff DALVIN made no aggressive movements, no furtive gestures, and no physical movements which would lead a reasonable officer to cause great bodily injury to any person.   The conduct of the Defendants DEPUTIES was unprovoked, outrageous and far below the standard of care for police officers.

Page 8 of 38
-------------------------------------------------------------------
COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al.* – LASC Case No. _____

11

Exhibit A

# FIRST CAUSE OF ACTION

## (ASSAULT AND BATTERY)

### [Against All Defendants]

29.     Plaintiff realleges each and every allegation contained in the above Paragraphs 1 through 28, and by this reference incorporates said paragraphs as though fully set forth herein.

30.     On or about May 31, 2020, the Defendants DEPUTIES assaulted and battered Plaintiff DALVIN, by placing their knees on Plaintiff DALVIN's neck, head and back, while Plaintiff DALVIN lay on the ground with his hands behind his back, and repeatedly kicking, kneeing and punching Plaintiff DALVIN in his head, side, back and leg, causing excruciating pain and severe injuries.  Defendants DEPUTIES continued to beat, kick and knee Plaintiff DALVIN until a witness spoke up and let her presence be known.

31.     During and following the severe beating imposed by the Defendants DEPUTIES, Plaintiff DALVIN was shocked, in great fear for his life and in severe need of medical attention.  He was then held in the back of a patrol car while handcuffed for five hours, suffering from fractured ribs, bruising and swelling to his head, eye and face, and multiple bruising to his back, neck and leg.

32.     Plaintiff DALVIN was lawfully on Rosecrans Avenue approaching the intersection of Santa Fe Avenue in Compton, California, when the Defendants DEPUTIES, and the DOE Defendants, and each of them, while in the course and scope of employment by their co-Defendants as police officers and/or deputies, assaulted and battered Plaintiff DALVIN by violently, unlawfully, intentionally, suddenly and maliciously restraining him by placing their knees on his neck, head and back, and repeatedly and viciously kicking, punching and kneeing him about the side, head, face and body, placing Plaintiff DALVIN in great fear for his life and physical well-being, and legally causing Plaintiff DALVIN to sustain injuries and

---

COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al. – LASC Case No. _____*

12

Exhibit A

damages as hereinafter described. As a result, Plaintiff DALVIN has suffered severe and permanent physical and psychological injuries.

33.   In doing the acts as alleged above, Plaintiff DALVIN believes that Defendants DEPUTIES and the DOE Defendants intended to make harmful contact with Plaintiff DALVIN's person. At no time did Plaintiff consent to any of the acts of the Defendants, as alleged hereinabove.

34.   As a factual and legal result of the aforesaid conduct, Plaintiff DALVIN was hurt and injured in his health, strength and activities, sustaining injuries to Plaintiff DALVIN's body, and shock and injury to Plaintiff DALVIN's nervous system and person, which said injuries have caused, and continue to cause, Plaintiff DALVIN great physical, mental and nervous pain and suffering.

35.   Plaintiff DALVIN is informed and believes, and based upon such information and belief alleges that said injuries will result in some permanent disability to Plaintiff, all to his general damages in a sum which exceeds the minimum jurisdictional limits of this Court, in an amount according to proof at time of Trial.

36.   As a further factual and legal result of the aforesaid acts of Defendants, and each of them, Plaintiff DALVIN required and for an unpredictable period in the future will require the services of doctors, physicians, nurses and hospitals and like related professional services, including drugs, medication, MRI scans, and x-rays; and have and continue to incur medical and incidental expenses, in an amount according to proof at the time of Trial.

37.   The aforementioned acts of Defendants DEPUTIES and the DOE Defendants, were committed and done willfully, wantonly and maliciously and said intended acts were oppressive and committed in complete disregard of Plaintiff DALVIN's rights, feelings and well-being, and were ratified by all other Defendants herein.   Plaintiff DALVIN is informed, believes and thereupon alleges that

---

COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al.* – LASC Case No. _____

13

Exhibit A

1   Defendants' owners, founders, partners and/or managing directors, authorized and
2   ratified the actions of Defendants DEPUTIES and the DOE Defendants.

3       38.    At all relevant times mentioned here, each of the Defendants
4   DEPUTIES and the DOE Defendants, worked as police officers and employees, and
5   in doing the things alleged here, were acting within the course and scope of that
6   agency or employment.  DOE Defendants 1 through 30 are unknown police officers
7   and/or deputies.  At all relevant times mentioned here, each of the Defendants DOES
8   31 through 41 was the supervisor, manager, and/or training representative of DOES
9   1 through 30, and in doing the things alleged here, was acting within the course and
10  scope of that agency or employment.  At all relevant times mentioned here, each of
11  the Defendants DOES 42 through 50 were the owners, founders, partners and/or
12  managing directors of Defendant COUNTY OF LOS ANGELES, Defendant LOS
13  ANGELES COUNTY SHERIFF'S DEPARTMENT, and Defendant CITY OF
14  COMPTON, and in doing the things alleged here, was acting within the course and
15  scope of that relationship.

16      39.    Moreover, said owners, founders, partners and/or managing directors
17  of Defendant COUNTY OF LOS ANGELES, Defendant LOS ANGELES COUNTY
18  SHERIFF'S DEPARTMENT, and Defendant CITY OF COMPTON had advance
19  knowledge and conscious disregard of Defendants DEPUTIES and the DOE
20  Defendants propensity to commit violence, including but not limited to their violent
21  background.  Defendant COUNTY OF LOS ANGELES, Defendant LOS ANGELES
22  COUNTY SHERIFF'S DEPARTMENT, and Defendant CITY OF COMPTON all
23  authorized and ratified the conduct of Defendants DEPUTIES and the DOE
24  Defendants.  Said Defendants are responsible for Plaintiff DALVIN's harm because
25  they approved the conduct after it occurred by failing to discharge said employees
26  specifically Defendant NAVARETTE, Defendant CUEVAS, Defendant BARAJAS,
27  and the DOE Defendants, who assaulted and battered Plaintiff DALVIN.  Said
28  Defendants also failed to investigate the charges that said employees committed an

--------------------------------------------------------------------------------
COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al. – LASC Case No. _____*

14

Exhibit A

assault and battery on Plaintiff.  As a result, Plaintiff seeks punitive and exemplary damages against Defendants and each of them in a sum according to proof at time of trial within the discretion of this Court.

## SECOND CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

#### [Against All Defendants]

40.     Plaintiff realleges each and every allegation contained in the above Paragraphs 1 through 39, and by this reference incorporates said paragraphs as though fully set forth herein.

41.     On or about May 31, 2020, the Defendants DEPUTIES assaulted and battered Plaintiff DALVIN, by placing their knees on Plaintiff DALVIN's neck, head and back, while Plaintiff DALVIN lay on the ground with his hands behind his back, and repeatedly kicking, kneeing and punching Plaintiff DALVIN in his head, side, back and leg, causing excruciating pain and severe injuries.  Defendants DEPUTIES continued to beat, kick and knee Plaintiff DALVIN until a witness spoke up and let her presence be known.

42.     During and following the severe beating imposed by the Defendants DEPUTIES, Plaintiff DALVIN was shocked, in great fear for his life and in severe need of medical attention.  He was then held in the back of a patrol car while handcuffed for five hours, suffering from fractured ribs, bruising and swelling to his head, eye and face, and multiple bruising to his back, neck and leg.

43.     On or about May 31, 2020, Plaintiff DALVIN was the subject of violence and intimidation by threat of violence by Defendants DEPUTIES and the DOE Defendants.  Defendants, and each of them, while in the course and scope of

Page 12 of 38
-------------------------------------------------------------------------------------------------
COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al.* – LASC Case No. _____          15

Exhibit A

employment by Defendants as police officers, deputies and employees, assaulted and battered Plaintiff DALVIN by violently, unlawfully, intentionally, suddenly and maliciously repeatedly kicking, kneeing and punching him about the head, side, back and leg, causing excruciating pain and severe injuries, placing Plaintiff DALVIN in great fear of his life and physical well-being, and legally causing Plaintiff DALVIN to sustain injuries and damages as hereinafter described.

44.     Defendants DEPUTIES and the DOE Defendants' behavior was extreme and outrageous, in that Plaintiff DALVIN was attacked separately by several individuals with special training and experience in physical assault, who used grossly excessive force.

45.     Plaintiff DALVIN is informed and believes, and based upon such information and belief alleges, that Defendants, their agents and employees, and each of them, engaged in the aforementioned acts intentionally and maliciously, for the purpose of causing Plaintiff DALVIN to suffer humiliation, mental anguish and emotional and physical distress.

46.     These violent acts, which were in the presence of a witness, and the videotape of the beating was placed online, caused Plaintiff DALVIN to be terrified, embarrassed and intimidated by the violence.

47.     As a factual and legal result of the aforesaid conduct, Plaintiff DALVIN was hurt and injured in Plaintiff DALVIN's health, strength and activities, sustaining injuries to Plaintiff DALVIN's body, and shock and injury to Plaintiff DALVIN's nervous system and person, which said injuries have caused, and continue to cause, Plaintiff DALVIN great physical, mental and nervous pain and suffering.

48.     As a further factual and legal result of the aforesaid acts of Defendants, and each of them, Plaintiff DALVIN required and for an unpredictable period in the future will require the services of doctors, physicians, nurses and hospitals and like

---

rays; and have and continue to incur medical and incidental expenses, according to proof.

49.    Plaintiff DALVIN is informed and believes, and based upon such information and belief, alleges that said injuries will result in some permanent disability to Plaintiff DALVIN, all to his general damages in a sum which exceeds the minimum jurisdictional limits of this Court, in amount according to proof at time of Trial.

50.    The aforementioned acts of Defendants, and each of them, were committed and done willfully, wantonly and maliciously and said intended acts were oppressive and committed in complete disregard of Plaintiff DALVIN's rights, feelings and well-being, and were ratified by all other Defendants herein.  Plaintiff DALVIN is informed, believes and thereupon alleges that Defendants' owners, founders, partners and/or managing directors authorized and ratified the actions of Defendants DEPUTIES' and the DOE Defendants', conduct as well as other acts to be investigated.   Moreover, said owners, founders, partners and/or managing directors had advance knowledge and conscious disregard of Defendants DEPUTIES' and the DOE Defendants' propensity to commit violence, including but not limited to Defendant NAVARETTE, Defendant CUEVAS, Defendant BARAJAS, and the DOE Defendants' violent background.  As a result, Plaintiff DALVIN seeks punitive and exemplary damages against Defendants, and each of them, in a sum according to proof at time of Trial, within the discretion of this Court.

### THIRD CAUSE OF ACTION

(NEGLIGENT HIRING, TRAINING, SUPERVISION AND/OR RETENTION OF EMPLOYEES)

[Against All Defendants Except Defendant NAVARETTE, Defendant CUEVAS, Defendant BARAJAS, and DOE Defendant Police Officers, Deputies and Employees]

17

Exhibit A

51.     Plaintiff realleges each and every allegation contained in the above Paragraphs 1 through 50, and by this reference incorporates said paragraphs as though fully set forth herein.

52.     Defendant COUNTY OF LOS ANGELES, Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, Defendant CITY OF COMPTON, and Defendants DOES 31 through 50, hired DOES 1 through 30, as police officers, deputies and/or employees.  Defendants COUNTY, SHERIFF and COMPTON had a duty of reasonable care in hiring, training, supervising and retaining their police officer and/or deputy employees and agents in the City of Compton.

53.     At the time of hiring, the Defendants DEPUTIES that assaulted and battered Plaintiff DALVIN, which included Defendants NAVARETTE, CUEVAS, BARAJAS, and some of the DOE Defendants, it was clear that they had certain characteristics that would make them unsuitable for the position.  Specifically, at the time of hiring, Defendants COUNTY, SHERIFF and COMPTON, and Defendants DOES 31 through 50 must have known of these characteristics, which created a particular risk to others.  Said characteristics caused Plaintiff DALVIN's injuries. Said Defendants, and each of them, knew, or in the reasonable exercise of diligence should have known, that Defendants NAVARETTE, CUEVAS, BARAJAS, and some of the DOE Defendants, were unfit and incompetent to perform the duties for which they were hired, and that an undue risk to persons such as Plaintiff would exist because of the hiring.  Defendants, and each of them, knew or should have known that said Defendants NAVARETTE, CUEVAS, BARAJAS, and some of the DOE Defendants possessed violent tendencies and would engage in inappropriate and dangerous conduct in the presence of Plaintiff DALVIN, and stopped, chased and assaulted and battered him while lawfully driving on Rosecrans in the City of Compton.

54.     Plaintiff DALVIN is informed and believes, and based upon such information and belief, alleges that Defendants' negligence and carelessness was a

18

Exhibit A

cause of Defendants NAVARETTE, CUEVAS, BARAJAS, and some of the DOE Defendants assaulting and battering Plaintiff DALVIN, and of the injuries sustained by Plaintiff DALVIN.   Specifically, Defendants COUNTY, SHERIFF and COMPTON, and Defendants DOES 31 through 50, negligence in hiring said employees was a substantial factor in creating Plaintiff DALVIN's harm.

55.   As a factual and legal result of Defendants' negligence and carelessness, Plaintiff DALVIN, on or about May 31, 2020, was injured in his health, strength and activities, sustaining injuries to Plaintiff DALVIN's body, and shock and injury to Plaintiff DALVIN's nervous system and person, which said injuries have caused, and continue to cause, Plaintiff DALVIN great physical, mental and nervous pain and suffering and severe emotional distress.

56.   As a factual and legal result of the aforementioned negligence, Plaintiff DALVIN has suffered damages in an amount which exceeds the minimal jurisdictional limits of this Court, according to proof at time of trial.

57.   Plaintiff DALVIN is informed and believes, and based upon such information and belief, alleges that said injuries will result in some permanent disability to Plaintiff, all to his general damages in a sum which exceeds the minimum jurisdictional limits of this Court, according to proof at time of Trial.

58.   As a further factual and legal result of the aforesaid acts of Defendants, and each of them, Plaintiff DALVIN required and for an unpredictable period in the future will require the services of doctors, physicians, nurses, and hospitals and like related professional services, including drugs, medication, MRI scans, and x-rays; and have and continue to incur medical and incidental expenses, according to proof at the time of Trial.

## FOURTH CAUSE OF ACTION

### (NEGLIGENCE)

### [Against All Defendants]

---

COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al.* – LASC Case No. _____

19

Exhibit A

59.     Plaintiff realleges each and every allegation contained in the above Paragraphs 1 through 58, and by this reference incorporates said paragraphs as though fully set forth herein.

60.     On or about May 31, 2020, Defendants DEPUTIES and DOE Defendants assaulted and battered Plaintiff DALVIN by violently, unlawfully, intentionally, suddenly and maliciously repeatedly kicking, kneeing and punching him about the head, side, back and leg, causing excruciating pain and severe injuries, placing Plaintiff DALVIN in great fear of his life and physical well-being, and legally causing Plaintiff DALVIN to sustain injuries and damages as hereinafter described.

61.     Following the severe beating, Defendants DEPUTIES and DOE Defendants held Plaintiff DALVIN handcuffed in the back of a police cruiser for over five hours, suffering from fractured ribs, bruising and swelling to his head, eye and face, and multiple bruising to his back, neck and leg.

62.     Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, CITY OF COMPTON, and DOES 31 through 50, have a duty to keep citizens such as Plaintiff DALVIN safe and free from assault and battery.  Defendants breached their duty to Plaintiff DALVIN by negligently failing to keep Plaintiff free from being assaulted and battered by their police officer, deputies and/or employees.  Plaintiff DALVIN is informed and believes, and based upon such information and belief, alleges that Defendants' negligence and carelessness was the cause of Defendants NAVARETTE, CUEVAS, BARAJAS and the DOE Defendants, assaulting and battering Plaintiff DALVIN, and of the injuries sustained by Plaintiff DALVIN.

63.     As a factual and legal result of Defendants' negligence and carelessness, Plaintiff DALVIN, on or about May 31, 2020, was injured in his health, strength and activities, sustaining injuries to Plaintiff DALVIN's body, and shock and injury to Plaintiff DALVIN's nervous system and person, which said injuries

----------------------------------------------------------------
COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al.* – LASC Case No. _____

20

Exhibit A

have caused, and continue to cause, Plaintiff DALVIN great physical, mental and nervous pain and suffering and severe emotional distress.

64.   Plaintiff is informed and believes, and based upon such information and belief, alleges that said injuries will result in some permanent disability to Plaintiff DALVIN, all to his general damages in a sum which exceeds the minimum jurisdictional limits of this Court, according to proof at time of Trial.

65.   As a further factual and legal result of the aforesaid acts of Defendants, and each of them, Plaintiff DALVIN required and for an unpredictable period in the future will require the services of doctors, physicians, nurses and hospitals and like related professional services, including drugs, medication, MRI scans and x-rays; and have and continue to incur medical and incidental expenses, according to proof at time of Trial.

## FIFTH CAUSE OF ACTION
### (FALSE IMPRISONMENT)
### [Against All Defendants]

66.   Plaintiff realleges each and every allegation contained in the above Paragraphs 1 through 65, and by this reference incorporates said paragraphs as though fully set forth herein.

67.   While Plaintiff DALVIN was lawfully driving on Rosecrans Avenue to his grandmother's house, at or near the intersection of Santa Fe Avenue in the City of Compton on May 31, 2020, Defendants NAVARETTE, CUEVAS, BARAJAS and DOE Defendants, and each of them, intentionally and unlawfully pulled Plaintiff DALVIN over, chased him, and intentionally and unlawfully exercised force and menace to restrain, detain or confine Plaintiff DALVIN.  After beating, kicking and kneeing him causing severe personal injuries, Defendants NAVARETTE, CUEVAS, BARAJAS and DOE Defendants, and each of them, intentionally and unlawfully

COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al.* – LASC Case No. _____

21

Exhibit A

held Plaintiff DALVIN handcuffed and injured and in dire need of medical attention for five hours in the back of a police cruiser.

68.   Plaintiff DALVIN did not consent to the restraint, detention or confinement.

69.   As a factual and legal result of the aforesaid conduct, Plaintiff DALVIN was hurt and injured in Plaintiff DALVIN's health, strength and activities, sustaining injuries to Plaintiff DALVIN's body, and shock and injury to Plaintiff DALVIN's nervous system and person, which said injuries have caused, and continue to cause, Plaintiff DALVIN great physical, mental and nervous pain and suffering.

70.   Plaintiff DALVIN is informed and believes, and based upon such information and belief, alleges that said injuries will result in some permanent disability to Plaintiff DALVIN, all to his general damages in a sum which exceeds the minimum jurisdictional limits of this Court, according to proof at time of Trial.

71.   As a further factual and legal result of the aforesaid acts of Defendants, and each of them, Plaintiff DALVIN required and for an unpredictable period in the future will require the services of doctors, physicians, nurses and hospitals and like related professional services, including drugs, medication, MRI scans, and x-rays; and have and continue to incur medical and incidental expenses, according to proof.

72.   The aforementioned acts of Defendants, and each of them, were committed and done willfully, wantonly and maliciously and said intended acts were oppressive and committed in complete disregard of Plaintiff DALVIN's rights, feelings and well-being, and were ratified by all other Defendants herein.  Plaintiff DALVIN is informed, believes and thereupon alleges that Defendants' owners, founders, partners and/or managing directors authorized and ratified the actions of Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants', conduct and other acts to be investigated.  Moreover, said owners, founders, partners and/or managing directors had advance knowledge and conscious

-------------------------------------------------------------------
COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al. – LASC Case No. _____*

22

Exhibit A

disregard of Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants' propensity to commit violence, including but not limited to Defendants' violent background.  As a result, Plaintiff DALVIN seeks punitive and exemplary damages against Defendants, and each of them, in a sum according to proof at time of Trial, within the discretion of this Court.

**SIXTH CAUSE OF ACTION**

**(VIOLATIONS OF THE BANE CIVIL RIGHTS ACT)**

**[Against All Defendants]**

73.     Plaintiff realleges each and every allegation contained in the above Paragraphs 1 through 72, and by this reference incorporates said paragraphs as though fully set forth herein.

74.     On or about May 31, 2020, the Defendants DEPUTIES assaulted and battered Plaintiff DALVIN, by placing their knees on Plaintiff DALVIN's neck, head and back, while Plaintiff DALVIN lay on the ground with his hands behind his back, and repeatedly kicking, kneeing and punching Plaintiff DALVIN in his head, side, back and leg, causing excruciating pain and severe injuries.  Defendants DEPUTIES continued to beat, kick and knee Plaintiff DALVIN until a witness spoke up and let her presence be known.  During and following the severe beating imposed by the Defendants DEPUTIES and DOE Defendants, Plaintiff DALVIN was shocked, in great fear for his life and in severe need of medical attention.  He was then held in the back of a patrol car while handcuffed for five hours, suffering from fractured ribs, bruising and swelling to his head, eye and face, and multiple bruising to his back, neck and leg.

75.     As set forth above, Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants, and each of them, verbally and physically threatened and intimidated Plaintiff DALVIN with deprivation of his rights to bodily integrity, to be free from attack and to be free from assault and battery.  Defendants

----------------------------------------------------------------

NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants, and each of them, further coercively deprived Plaintiff DALVIN of his right to bodily integrity and to be free from physical attack by intentionally punching, kneeing and kicking him about the side, neck, head, face and body, placing Plaintiff DALVIN in great fear for his life and physical well-being.

76.     Moreover, said owners, founders, partners and/or managing directors of Defendants COUNTY, SHERIFF, COMPTON, and DOES 31 through 50, had advance knowledge and conscious disregard of Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants', propensity to commit violence, including but not limited to Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants', violent background.   Defendants COUNTY, SHERIFF, COMPTON, and DOES 31 through 50 all authorized and ratified the conduct of Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants.   Said Defendants are responsible for Plaintiff DALVIN's harm because they approved the conduct after it occurred by failing to discharge said police officers, deputies and/or employees, specifically Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants, who assaulted and battered Plaintiff DALVIN.   As a result, Plaintiff DALVIN seeks punitive and exemplary damages against Defendants, and each of them, in a sum according to proof at time of Trial, within the discretion of this Court.

77.     The foregoing conduct by Defendants, and each of them, constitutes a violation of the Bane Civil Rights Act, in that it constitutes an attempt to interfere, and actual interference with Plaintiff DALVIN's exercise and enjoyment of his civil rights secured by law.   Said rights that Defendants attempted to and did interfere with include, but are not limited to, those secured by *Civil Code* §43, *Penal Code* §§240, 241, 242 and 243, the United States and California Constitutions and the common law interpreting the United States and California Constitutions and the statutes enacted by the State of California.

COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al.* – LASC Case No. _____

24

Exhibit A

78.     As a factual and legal result of the aforesaid conduct, Plaintiff DALVIN was hurt and injured in Plaintiff DALVIN's health, strength and activities, sustaining injuries to Plaintiff DALVIN's body, and shock and injury to Plaintiff DALVIN's nervous system and person, which said injuries have caused, and continue to cause, Plaintiff DALVIN great physical, mental and nervous pain and suffering.

79.     As a further factual and legal result of the aforesaid acts of Defendants, and each of them, Plaintiff DALVIN required and for an unpredictable period in the future will require the services of doctors, physicians, nurses and hospitals and like related professional services, including drugs, medication, MRI scans, and x-rays; and have and continue to incur medical and incidental expenses, according to proof at time of Trial.

80.     The aforementioned acts of Defendants, and each of them, were committed and done willfully, wantonly and maliciously and said intended acts were oppressive and committed in complete disregard of Plaintiff DALVIN's rights, feelings and well-being, and by reason thereof Plaintiff DALVIN seeks punitive and exemplary damages against Defendants, and each of them, in a sum according to proof at time of trial within the discretion of this Court.

81.     As a further result of the aforementioned acts of Defendants, and each of them, Plaintiff DALVIN is entitled to reasonable costs and attorney's fees, as provided in *Civil Code* §§52 and 52.1.

82.     Moreover, *Civil Code* §52(b)(2) allows for a "civil penalty of twenty-five thousand dollars ($25,000) to be awarded to the person denied the right . . . or by the Attorney General . . . or a civil attorney." As such, Plaintiff DALVIN is entitled to a civil penalty of $25,000.

83.     The damages herein exceed $25,000.

-----------------------------------------------------------------------------------------
COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al.* – LASC Case No. _____

25

Exhibit A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SEVENTH CAUSE OF ACTION

### (CIVIL RIGHTS VIOLATIONS – 42 U.S.C. §1983)

### [Against All Defendants]

84.    Plaintiff realleges each and every allegation contained in the above Paragraphs 1 through 83, and by this reference incorporates said paragraphs as though fully set forth herein.

85.    At all times mentioned herein, Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and CITY OF COMPTON, employed Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants.  Said Defendants provided its individual Defendant employees and agents with official badges and identification cards which designated and described the bearers as employees of the Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and CITY OF COMPTON.

86.    During all times mentioned herein, Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and CITY OF COMPTON.  Each of the individual Defendants herein, separately and in concert, deprived Plaintiff DALVIN of the rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, and by the laws of the United States.

87.    On or about May 31, 2020, Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants, of Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and CITY OF COMPTON,

-------------------------------------------------------------------------------
COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al.* – LASC Case No. _____

26

Exhibit A

assaulted and battered Plaintiff DALVIN as previously described, all of which constituted excessive, unjustifiable, and unreasonable force in violation of and with deliberate indifference to Plaintiff DALVIN's constitutional right to be free from unreasonable searches and seizures. By causing the injuries to Plaintiff DALVIN, these actions additionally violated all of Plaintiff DALVIN's Fourteenth Amendment rights to substantive due process, privacy, as well as Plaintiff DALVIN's right to enjoy the care, companionship, familial relationship, and society of Plaintiff DALVIN, and his right to be free from arbitrary and unreasonable government intrusions into his family unit, as Defendants, and each of them, intruded upon with deliberate indifference and in a manner that shocks the conscience, when they used excessive force upon Plaintiff DALVIN.

88. The above articulated constitutional violations were proximately caused by Defendant COUNTY OF LOS ANGELES' deliberate indifference to the maintenance, training, and control of Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and the injuries and constitutional violations set forth herein were proximately caused by the customs, practices, policies and decisions of Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and CITY OF COMPTON, including, but not limited to, inadequately training and supervising police officers and deputies with respect to the reasonable and proper use of excessive and deadly force against civilians.

89. Plaintiff is informed and believe, and thereupon allege, that before May 31, 2020, the Defendants COUNTY, SHERIFF'S and COMPTON hired, trained, supervised, employed and/or managed Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants, with conscious disregard of and deliberate indifference to the constitutional rights of third parties, in that it was plainly obvious to the Defendants COUNTY, SHERIFF'S and COMPTON that these police officers were dangerous and violent employees, prone to injuring civilians without reasonable justification, and in a manner that demonstrates callous disregard for the

COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al.* – LASC Case No. _____

27

Exhibit A

rights and safety of third parties, and assault and batter persons and/or use unnecessary, unreasonable, deadly, and/or unlawful physical force without reasonable justification.  Because adequate scrutiny of these individual Defendants' background would have led reasonable policymakers within the Defendants COUNTY, SHERIFF'S and COMPTON to conclude that the plainly obvious consequence of the decision to hire these individual Defendants would be the deprivation of a third party's Fourth Amendment right to be free from unreasonable and excessive force, Defendants COUNTY, SHERIFF'S and COMPTON were deliberately indifferent to Plaintiff DALVIN's federally protected rights when the individual Defendants herein, were hired, retained, and later supervised.

90.     As set forth in the foregoing paragraphs of this Complaint, Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants' injuring of Plaintiff DALVIN was an unconstitutional display of unreasonable, excessive force, which violated Plaintiff DALVIN's Fourth Amendment right to be free from unreasonable seizures.  Plaintiff DALVIN is informed and believes, and thereupon allege, the details of this incident have been revealed to the authorized policy makers within Defendants COUNTY, SHERIFF'S and COMPTON, and that such policy makers have direct knowledge of the fact that Plaintiff DALVIN's injuries were not justified, but rather represented an unconstitutional display of unreasonable excessive force. Notwithstanding this knowledge, the authorized policy makers within Defendants COUNTY, SHERIFF'S and COMPTON, have approved of the Defendants DEPUTIES injuring of Plaintiff DALVIN, and have made a deliberate choice to endorse the Defendants DEPUTIES' injuring of Plaintiff DALVIN and the basis for that injury. By so doing, the authorized policy makers within Defendants COUNTY, SHERIFF'S and COMPTON have shown affirmative agreement with the individual Defendants DEPUTIES' actions, and have ratified the unconstitutional acts of the individual Defendants DEPUTIES.

---

COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al. – LASC Case No. _____*

28

Exhibit A

91. Despite the fact that Defendants COUNTY, SHERIFF'S and COMPTON knew or should have known of the fact that these acts, omissions, decisions, practices, customs and policies, both formal and informal, were being carried out by its agents and employees, Defendants COUNTY, SHERIFF'S and COMPTON have taken no steps or efforts to prevent this course of conduct, nor to make redress to this Plaintiff or other civilian citizens injured thereby, and has failed to take any disciplinary action whatsoever against any of its employees or agents.

92. The above acts of omissions of the Defendants were undertaken while under color of state law and resulted in the violation of all Plaintiff DALVIN's constitutional rights, as stated herein. Likewise, the customs, practices, policies, and decisions of the Defendants COUNTY, SHERIFF'S and COMPTON alleged herein, and as applied to Plaintiff DALVIN, resulted in violation of Plaintiff DALVIN's constitutional rights.

93. Plaintiff DALVIN had the right to be free from unreasonable searches and seizures, and the right to be free from the use of unreasonable and excessive force. These rights and privileges are secured to Plaintiff by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. §1983. All of these interests were implicated by the wrongful conduct of the Defendants which proximately caused Plaintiff DALVIN's injuries. Plaintiff DALVIN had a Fourteenth Amendment right to substantive due process, privacy, as well as a fundamental right to enjoy the care, companionship, familial relationship, and society of Plaintiff, and a right to be free from arbitrary and unreasonable government intrusions into the family unit. All of these rights and privileges are secured to Plaintiff DALVIN by the provisions of the Fourteenth Amendment to the United States Constitution, and by 42 U.S.C. §1983. All of these interests were implicated by the wrongful conduct of the Defendants, which proximately caused Plaintiff DALVIN's injuries.

94. Each of the individual Defendants, including Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants, and the municipal

Defendants acted in concert, acted outside the scope of his/her jurisdiction and without authorization of law and each of the individual Defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff DALVIN of his federally protected rights and privileges, and did in fact violate those rights and privileges, entitling Plaintiff DALVIN to punitive and exemplary damages in an amount to be proven at the trial of this matter.

95.     As a direct and proximate result of the aforesaid acts, omission, customs, practices, policies and decisions of the Defendants and each of them, Plaintiff DALVIN has suffered great mental and physical pain, suffering, anguish fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and the loss of love, comfort, society, solace and support, all to their damage in a sum to be determined at trial. Additionally, Plaintiff DALVIN has been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated constitutional violations.

96.     Plaintiff DALVIN is entitled to and hereby demands costs, attorneys' fees and expenses pursuant to 42 U.S.C. §1983.

## EIGHTH CAUSE OF ACTION

## (VIOLATION OF FREEDOM FROM UNREASONABLE AND EXCESSIVE FORCE)

### [Against All Defendants]

97.     Plaintiff realleges each and every allegation contained in the above Paragraphs 1 through 96, and by this reference incorporates said paragraphs as though fully set forth herein.

98.     This action is brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al. – LASC Case No. _____*

30

Exhibit A

99.     On or before and on May 31, 2020, Plaintiff DALVIN possessed the right, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable seizures and excessive force by police officers acting under the color of law.

100.    Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants, without just and legal cause, and with the intent to cause Plaintiff DALVIN serious bodily injury and/or death, deliberately injured Plaintiff DALVIN as described herein for no good reason, and thereby violated Plaintiff DALVIN's rights under the laws and Constitution of the United States, in particular the Fourth Amendment of the United States Constitution.

101.    At the time of this incident, Plaintiff was fully cooperative and was not engaged in any assaultive behavior toward any Defendant or any other person or persons.

102.    The use of excessive force in this fashion by said Defendants was entirely unjustified by any actions of Plaintiff DALVIN and constituted an unreasonable and excessive use of force.

103.    Said Defendants acted specifically with the intent to deprive Plaintiff DALVIN of the following rights under the United States Constitution:

        a.     Freedom from unreasonable seizures, in the form of the use of excessive force by police officers;

        b.     Freedom from a deprivation of liberty without due process of law; and

        c.     Freedom from summary punishment.

104.    Said Defendants subjected Plaintiff DALVIN to the aforementioned deprivations by either actual malice, deliberate indifference to the violation of his civil rights or a reckless disregard of his civil rights.

105.    Said Defendants acted at all times herein knowing full well that the established practices, customs, procedures and policies of Defendants COUNTY,

SHERIFF'S and COMPTON would allow a cover-up and allow the continued use of illegal force in violation of the Fourth Amendment of the Constitution of the United States and the laws of the State of California.

106.    As a direct and proximate result of the aforementioned acts of said Defendants, Plaintiff DALVIN suffered serious injuries and permanent injuries to his body, and have physically, psychologically, and emotionally impaired him permanently.  Plaintiff DALVIN has been made to hire doctors, surgeons, and other health care professionals to treat his injuries, and will require future surgeries, treatments, and therapies as a result of the conduct of Defendants.

107.    The aforementioned acts of Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants.

## NINTH CAUSE OF ACTION

### (FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATIONS)
[Against All Defendants Except Defendant NAVARETTE, Defendant CUEVAS, Defendant BARAJAS, and DOE Defendant Police Officers, Deputies and Employees]

108.    Plaintiff realleges each and every allegation contained in the above Paragraphs 1 through 107, and by this reference incorporates said paragraphs as though fully set forth herein.

109.    This action is brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments of the United States Constitution, for violation of Plaintiff's procedural and substantive due process rights.

110.    At the time and place alleged herein, DOE Defendants were present at the immediate vicinity and location where Plaintiff DALVIN was being assaulted

and battered by Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants.

111.     At said dates and locations, said Defendants were in the position and authority to lawfully intervene in and prevent the unjustified and unwarranted abuse of force against Plaintiff DALVIN by vicinity and location where Plaintiff DALVIN was being assaulted and battered by Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants, and to intervene and prevent the unwarranted use of force.

112.     At said dates and locations, Defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent the unlawful use of force against Plaintiff DALVIN, and were compelled to do so as peace officers under the laws of the State of California and under the Constitution of the United States of America.

113.     At said date and location, in deliberate indifference to Plaintiff DALVIN's life, health and Constitutional rights, said Defendants intentionally and with deliberate indifference to the civil rights of Plaintiff DALVIN, refrained from intervening in said unlawful use of force.

114.     Said Defendants acted at all times herein knowing full well that the established practices, customs, procedures and policies of the Defendants COUNTY, SHERIFF'S, and COMPTON would allow a cover-up and allow the continued use of illegal force in violation of the Fourth Amendment of the Constitution of the United States and the laws of the State of California.

115.     As a direct and proximate result of the aforementioned acts of said Defendants, Plaintiff DALVIN suffered serious injuries and permanent injuries to his body, and have physically, psychologically, and emotionally impaired him permanently.  Plaintiff DALVIN has been made to hire doctors, surgeons, and other health care professionals to treat his injuries, and will require future surgeries, treatments, and therapies as a result of the conduct of the present Defendants.

-------------------------------------------------------------------------------
COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al.* – LASC Case No. _____

33

Exhibit A

116.   The aforementioned acts and omissions of the above-identified Defendants were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said Defendants.

## TENTH CAUSE OF ACTION

### (CONSPIRACY TO VIOLATE PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS)

### [Against All Defendants]

117.   Plaintiff realleges each and every allegation contained in the above Paragraphs 1 through 116, and by this reference incorporates said paragraphs as though fully set forth herein.

118.   This action is brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments of the United States Constitution, for violation of Plaintiff's procedural and substantive due process rights.

119.   Beginning after the use of force alleged herein and continuing through the May 31, 2020 beating, Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants planned and acted in concert to violate the Fourth and Fourteenth Amendment Rights of Plaintiff DALVIN and to carry out a malicious and evil plan to falsely and wrongfully manufacture facts and accounts of the incident underlying this action.

120.   At said time and place, said Defendants expressly and impliedly agreed that they would unlawfully fabricate the reasons for pulling Plaintiff over, attempts to find charges to bring against Plaintiff, and Plaintiff DALVIN's injuries which were actually caused by Defendants' use of unlawful excessive force, all for the malicious and unlawful purpose of violating Plaintiff DALVIN's civil rights and of unlawfully inflicting punishment on Plaintiff DALVIN.   Furthermore, said Defendants expressly and implied agreed that they would offer false accounts of the incident, knowing that disclosing the actual reasons for Plaintiff DALVIN's injuries

34

Exhibit A

would have resulted in the disciplining of by Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants.

121.   Said Defendants, along with other co-conspirators, purposefully, under color of law, planned and intended to deny Plaintiff DALVIN the equal protection of the laws and injure Plaintiff DALVIN in the following respects:

    a.   to deny the right to be free from unreasonable arrests including but not limited to the right to be free from excessive force;

    b.   to deny the right not to be deprived of life and liberty without due process of law; and

    c.   to deny the right against cruel and unusual punishment.

122.   By virtue of the foregoing, said Defendants and two or more of them, conspired for the purpose of:

    a.   depriving Plaintiff DALVIN of equal protection of the laws and of equal protection and immunities under the law; and

    b.   preventing and hindering the constituted authorities, including but not limited to the Los Angeles County District Attorney, the State of California and the Federal Bureau of Investigation from giving and securing Plaintiff DALVIN's equal protection of the law and preventing deprivation of liberty and property without due process of law.

123.   Said Defendants, and each of them, did and caused to be done, an act or acts in furtherance of the object of the conspiracy, as enumerated above, whereby Plaintiff DALVIN was deprived of the rights and privileges as set forth above. These acts included the said Defendants fabricating facts to conceal their use of excessive force on Plaintiff DALVIN, authoring and filing false police reports in violation of *Penal Code* §118.1 to attempt to conceal and justify police misconduct, knowingly approving such false reports, giving false and deliberately misleading and perjuries statements to investigators, giving false and perjuries testimony in the

investigation of the incident, and failing to discipline and recommend for prosecution police officers committing such misconduct.

124.   By virtue of the foregoing acts, said Defendants, and each of them, violated Plaintiff DALVIN's procedural and substantive due process rights under the Fourteenth Amendment.

125.   Notwithstanding the duties owed to Plaintiff DALVIN, and notwithstanding the laws of the State of California and the rights granted to Plaintiff DALVIN under the U.S. Constitution, these Defendants, and each of them, with deliberate indifference to the constitutional rights of Plaintiff DALVIN, failed and refused to prevent the wrongs conspired to be committed against Plaintiff DALVIN, despite their ability and duty to do so.

126.   As a direct and proximate result of the aforementioned acts of said Defendants, and each of them, Plaintiff DALVIN suffered serious injuries and permanent injuries to his body, which have physically, psychologically, and emotionally impaired him permanently.  Plaintiff DALVIN has been made to hire doctors, surgeons, and other health care professionals to treat his injuries, and will require future surgeries, treatments, and therapies as a result of the conduct of the these Defendants.

127.   The aforementioned acts of said Defendants were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said Defendants.

## ELEVENTH CAUSE OF ACTION

### (MUNICIPAL LIABILITY FOR VIOLATION OF CONSTITUTIONAL RIGHTS) [Against Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT]

128.   Plaintiff realleges each and every allegation contained in the above Paragraphs 1 through 127, and by this reference incorporates said paragraphs as though fully set forth herein.

129.   On the above date and time, Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants, acting within the course and scope of their duties as police officers, deputies, employees, and representatives of Defendant COUNTY OF LOS ANGELES and Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT deprived Plaintiff DALVIN of his right to be free from unreasonable seizure and excessive force as alleged in the above.

130.   At the time of the above detailed incident, Defendant COUNTY OF LOS ANGELES had in place, and had ratified, policies, procedures, customs and practices which permitted and encouraged their police officers while on duty and while off duty to unjustifiably, unreasonably and in violation of the Fourth and Fourteenth Amendments, use excessive force, and specifically against minority groups.

131.   Said policies, procedures, customs and practices also called for Defendant COUNTY OF LOS ANGELES to refrain from disciplining, prosecuting or in any way deal with or respond to known incidents, complaints, of excessive force by said its police officers, or the related claims and lawsuits made as a result of such incidents.

132.   Said policies, procedures, customs and practices called for the refusal of said Defendant, and their agents, employees and representatives, including the supervising officers of the Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT to investigate complaints of previous incidents of wrongful use of vehicles to stop innocent persons, as other allegations of excessive force made against on-duty and off-duty officers and, instead, officially claim that such incidents were justified and proper.

--------------------------------------------------------------------------

133.   Said policies, procedures, customs and practices called for said Defendants, by means of inaction and coverup, to encourage said officers and/or deputies of the Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT to believe that improper use of vehicles to stop innocent persons and using excessive force, including members of minority groups, was permissible.

134.   Said policies, procedures, customs and practices of said Defendant evidenced a deliberate indifference to the violations of the constitutional rights of Plaintiff DALVIN.   This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices in light of prior knowledge by Defendants and their policymakers of indistinguishably similar incidents of unjustified and unreasonable police use of vehicles to stop innocent persons and/or to use excessive force.

135.   Deliberate indifference to the civil rights of minority groups and other victims of excessive force was also evidenced by said Defendants by the ignoring of the history and pattern of prior civil lawsuits alleging civil rights violations and the related payment of judgments to such individuals.

136.   Deliberate indifference is also evidenced by said Defendant's county and its police and/or sheriff's department having maintained an inadequate system of incidences of excessive force which failed to identify instances of improper use of equipment, vehicles, or other police tools, as well as Defendant's failure to more closely supervise or retrain police officers who in fact improperly used such equipment, tools and weapons by on-duty and off-duty officers.

137.   Other systemic deficiencies which indicated, and continue to indicate, a deliberate indifference to the violations of the civil rights by the police officers and/or deputies of Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT include:

        a.      preparation of investigative reports designed to vindicate the use of force, regardless of whether such use was justified;

b.      preparation of investigative reports which uncritically rely solely on the word of police officers involved in the wrongful use of force and which systematically fail to credit testimony by non-police witnesses;

c.      preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved;

d.      issuance of public statements exonerating officers involved in such incidents prior to the completion of investigations of the wrongful use of force;

e.      failure to review investigative reports by responsible superior officers for accuracy or completeness and by the acceptance of conclusions which are unwarranted by the evidence of the use of force or which contradict such evidence; and

f.      failure to enact and implement policies, practices and procedures as well as training relating to the use of force against civilians.

138.    Said Defendants also maintained a system of grossly inadequate training system and program pertaining to the use of force against civilians in that said training fails to meet standard police training principles and criteria which mandate the use of established customs, procedures and guidelines to prevent the pattern of lawsuits against said Defendants.

139.    The foregoing acts, omissions, and systemic deficiencies are policies and customs of said Defendants and such caused Defendants' police officers and/or deputies to be unaware of the rules and laws governing permissible use of force against civilians while on duty and to believe that the use of excessive force was entirely within the discretion of the police officers and/or deputies and that improper use of force would not be honestly and properly investigated, all with the

foreseeable result that Defendants' officers and/or deputies would use excessive and/or deadly force in situations where such force is neither necessary, reasonable nor legal, thereby violating the civil rights of the citizens of this state.

140.   As a result of the aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs and practices of said Defendant and its Police Department, Defendants NAVARETTE, CUEVAS, BARAJAS, and other DOE Defendants, acting within the course and scope of their duties as a police officers and/or deputies, employees, and representatives of the Defendant COUNTY OF LOS ANGELES and Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT deprived Plaintiff DALVIN of his right to be free from unreasonable seizure and excessive force as alleged above.

141.   As a direct and proximate result of the aforementioned acts of said Defendants, Plaintiff DALVIN suffered serious injuries and permanent injuries to his body, and have physically, psychologically, and emotionally impaired him permanently. Plaintiff has been made to hire doctors, surgeons, and other health care professionals to treat his injuries, and will require future surgeries, treatments, and therapies as a result of the conduct of the present Defendants.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands Trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DALVIN PRICE prays for judgment against all Defendants, and each of them, as follows:

1.   For all general and special damages to compensate Plaintiff for any medical expenses and suffering and related damages;

2.   For punitive damages, as allowed by law, that will sufficiently punish, make an example of, and deter future conduct by Defendants;

COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al.* – LASC Case No. _____

40

Exhibit A

3.    For treble actual damages, which in no case shall be less than $4,000;

4.    For a civil penalty of $25,000;

5.    For attorney's fees according to proof at time of trial;

6.    For reasonable attorney's fees and expenses in litigation as provided for in 42 U.S.C. §1983;

7.    For statutory damages provided in the Unruh Civil Rights Act, *Civil Code* §§ 52 and 52.1;

8.    For investigation fees and expert witness fees incurred herein;

9.    For costs of suit herein; and

10.   For such other and further relief as the Court deems just and proper.


Dated:  February 2, 2021.

THE THOMAS FIRM

By:_____

EMANUEL THOMAS
Attorney for Plaintiff
DALVIN PRICE

COMPLAINT FOR DAMAGES
*Dalvin Price v. Los Angeles County Sheriff's Department, et al.* – LASC Case No. _____

41

Exhibit A